MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:17-MC-00070-MCE-KJN |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $14,340.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about November 1, 2016, agents with the United States Postal Inspection Service ("USPIS") seized approximately $14,340.00 in U.S. Currency ("the defendant currency") from Eduardo Miranda ("Miranda") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about January 20, 2017, USPIS received a claim from Miranda asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on November 1, 2016, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband. The

1

package was addressed to Eduardo S Miranda, 3480 24th Ave, Sacramento, California, 95820, with the following return address: Heather Robertson, 106-A Hamby Rd, Starr, South Carolina, 29684.

4. The United States represents that it could further show at a forfeiture trial that law enforcement officials contacted Miranda, who confirmed he was expecting a parcel from Amazon which contained a tablet cover, but was not expecting any other parcel. Miranda gave consent for law enforcement officials to open the parcel and the parcel contained a plastic bag with several stacks of cash. Miranda told the law enforcement officials he was not expecting any cash to come in the mail.

5. The United States represents that it could further show at a forfeiture trial that approximately 4 hours later, law enforcement officials received a phone call from Jesse Ortiz, who indicated he was representing Miranda. Mr. Ortiz told the law enforcement officials that his client, Miranda, had told him that his wife sold a 1964 Impala to a woman named Heather and the money was proceeds of the sale.

6. On November 3, 2016, law enforcement officials spoke to the sender of the parcel, Heather Robertson ("Robertson"). Robertson told the law enforcement officials that she mailed the defendant currency to Miranda and it was a down payment for a 1964 Chevy Impala she had seen advertised on Facebook and purchased it from Miranda's wife. Robertson also told the law enforcement officials she and Miranda's wife had been Facebook friends for approximately 2 years and she met her when she came to California a couple of years ago. Robertson informed the law enforcement officials she did not have a bank account to wire the money and that she has a job but is paid "under the table." Robertson also told the law enforcement officials she does not know who lives at the 106-A Hamby address and couldn't tell them why she used that address as the return address.

7. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

8. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9. Without admitting the truth of the factual assertions contained in this stipulation, potential claimant Eduardo Miranda specifically denies the same, and for the purpose of reaching an

amicable resolution and compromise of this matter, potential claimant Miranda agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Miranda hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, potential claimant Miranda shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of the Consent Judgment of Forfeiture, $10,840.00 of the Approximately $14,340.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $3,500.00 of the Approximately $14,340.00 in U.S. Currency shall be returned to claimant Eduardo Miranda through his attorney Jesse Ortiz.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Potential claimant Miranda waives

the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: March 17, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE